## LEVIN v. SOUTHEAST MEDIA, INC., et al.
### Case No. 79-12781-20
Sixth Judicial Circuit, Pinellas County
January 13, 1981

John Ferguson, for plaintiff.

T. Payne Kelly, for defendant.

George K. Rahdert, for St. Petersburg Times.

JAMES B. SANDERLIN, Circuit Judge.

This cause came on to be heard on the Motion of the Times Publishing Company to intervene for reconsideration of an order of this Court allowing proffers of certain testimony to occur during bench conferences, for the purpose of excluding the press from those portions of the trial.

While it has been held that courts have discretion to conduct bench conferences and to engage in other trial management techniques outside the presence of the press, *United States v. Gurney*, 558 F.2d 1202 (5th Cir. 1975), more recently the United States Supreme Court expressed a strong commitment to the "presumption of openness" of judicial proceedings. *Richmond Newspapers, Inc. v. Commonwealth of Virginia*, 48 U.S.L.W. 5008, (1980). There the Court stated the stricter standard that "absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public." *Id*. at 5015.

This squares with the requirement of Florida law, applied in both civil and criminal cases, that court proceedings may not be closed.

> . . . absent a showing that (1) closure is necessary to prevent a serious and imminent threat to the administration of justice; (2) that no less restrictive alternative measures are available; and (3) that closure will in fact achieve the Court's purpose.

*Miami Herald v. Florida*, 363 So.2d 603 (Fla. 4th DCA 1978). The court holds that this standard applies to such trial management techniques as efforts to close proffers of testimony through the use of bench

conferences, and that proponents of closure by this or other methods must first meet the three-part burden set forth above.

Applying this standard to two previous bench conference proffers of cross examination of Plaintiff, Levin, the Court rules that the standard has been met with respect to the second proffer. With respect to the first such bench conference, which the Court took under advisement at oral argument, the Court now rules that the strict First Amendment standard enumerated above cannot be met, and therefore the transcript and court reporter's notes of this testimony is immediately available to the press, subject to a mutually agreeable arrangement between the court reporter and the press for review of her notes.